UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:06-CR-15 |
| | ) |
| JOHN K. FOSTER, II | ) |

### MEORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant John K. Foster, II's Pro Se Motion for Early Termination of Supervised Release [Doc. 38], and the United States's Response in Opposition [Doc. 39]. On August 14, 2006, Mr. Foster pleaded guilty to one count of knowingly possessing a computer containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) & 3751(b)(3). [Plea Agreement, Doc. 15, at 1]. Mr. Foster was sentenced to 120 months' imprisonment with a lifetime term of supervised release. [Judgment, Doc. 34, at 2-3]. He now moves the Court for early termination of his term of supervised release. In support of his motion, Mr. Foster provides that he was homeless for five years, has volunteered 8,000 hours at a clinic, completed an outpatient treatment program, obtained housing, and got a job as a dishwasher. [Def. Mot., Doc. 38, at 1].

    The United States Probation Office for the Eastern District of Tennessee has responded to Mr. Foster's motion, stating that he has been compliant with all conditions of supervision and generally done well. Further, the United States Probation Office does not have a specific opposition to the early termination of Mr. Foster's supervised release but does not go as far as to recommend it as Mr. Foster is subject to a lifetime term of supervision. Likewise, the United States Attorney's Office does not recommend early termination of Mr. Foster's term of

supervised release considering the factors set out in § 3553(a) and policy guidance which indicates that additional consideration should be given to those who have committed a sexual offense. [U.S. Resp., Doc. 39, at 2].

While the Court commends Mr. Foster for his progress and effort throughout his term of supervised release, compliance with supervised release terms does not guarantee early termination of supervision. See *United States v. Whitehouse*, No. 3:08-CR-185, 2016 WL 3951146, at *1 (E.D. Tenn. July 20, 2016) ("[M]ere compliance with the requirements of supervision is not a sufficient reason to shorten [the defendant's] term of supervised release.", *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (acknowledging that a defendant's re-assimilation into pre-incarceration life is "commendable" but is "expected of a person on supervised release" and therefore "do[es] not constitute the 'exceptional behavior' contemplated in the precedents"). Rather, the decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F.App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of his term of supervised release, the Court may – in its discretion – terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3582(e)(1).

Having considered the relevant factors under § 3553(a), which the Court need not address in detail, the Court is not satisfied that Mr. Foster's conduct and the interest of justice warrant early termination of his supervision. See *United States v. Suber,* 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting the argument that a district court, when denying a request for early termination, has to provide more than a general statement of its reasons under § 3553(a)'s

factors). Mr. Foster's instant offense, possession of a computer containing child pornography, is significantly serious to warrant the continuation of supervision.

The Court finds that continuation of Mr. Foster's supervision is necessary to reflect the seriousness of the offense, deter him from engaging in further criminal conduct, and protect the public from any further instances of criminal conduct. Therefore, Mr. Foster's Motion for Early Termination of Supervised Release [Doc. 38] is **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
